IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OTABEK ELMURODOV

      v.                :   Civil Action No. DKC 24-392

UNIVERSITY OF MARYLAND CAPITAL
REGION HEALTH FAMILY MEDICINE  :
RESIDENCY PROGRAM, et al.

**MEMORANDUM OPINION**

This action for various claims arising from an allegedly wrongful dismissal from a medical residency program was removed from state court.  Although many motions are presently pending and ready for resolution, the motions that will be addressed in this memorandum opinion are the (1) motion to remand, (ECF No. 4); (2) "Emergency Motion for Immediate Ruling on Remand," (ECF No. 53);[1] and (3) motion to strike the opposition to the motion to remand, (ECF No. 41), filed by *pro se* Plaintiff Otabek Elmurodov ("Plaintiff").[2]  (ECF No. 4).  The issues have been briefed, and

---

[1] In the same motion, Plaintiff also opposes Defendants' joint motion to stay and for a status conference.

[2] The other pending motions remaining for resolution are: a motion to dismiss filed by Stacy Ross ("Dr. Ross"), (ECF No. 14); a motion to enforce the state court's orders for attorneys' fees filed by non-parties Bai Lin Luo ("Dr. Luo") and Christopher McLeod ("Dr. McLeod"), (ECF No. 22); a joint request to clarify deadlines filed by all Defendants, (ECF No. 28); a motion to strike Dr. Luo and Dr. McLeod's motion to enforce the state court's orders for attorneys' fees filed by Plaintiff, (ECF No. 42); a motion to

the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to remand will be denied; the "Emergency Motion for Immediate Ruling on Remand" will be denied as moot; and the motion to strike the opposition to the motion to remand will be denied.

## I.   Background

On December 14, 2023, Plaintiff commenced this action in the Circuit Court for Prince George's County (the "Circuit Court") against six Defendants: (1) Dr. Ross, the program director of UMCRH's family medicine residency program until June 30, 2023; (2) Dr. Prill, Plaintiff's faculty advisory and clinical competency chair; (3) Dr. Kaysin, a faculty member of UMCRH's family medicine

---

strike the opposition to Plaintiff's motion for leave to conduct early discovery filed by Plaintiff, (ECF No. 43); a motion to strike Plaintiff's surreply to Dr. Ross's motion to dismiss filed by Dr. Ross, (ECF No. 45); a motion for leave to file excess pages filed by Plaintiff, (ECF No. 46); a motion for leave to file an amended complaint filed by Plaintiff, (ECF No. 47); a joint motion to strike Plaintiff's second and third amended complaints filed by all Defendants, (ECF No. 48); a joint motion for stay and status conference filed by all Defendants, (ECF No. 49); a motion to strike Defendants' reply in support of their joint request to clarify deadlines filed by Plaintiff, (ECF No. 50); a motion to dismiss, or, in the alternative, motion for summary judgment and request for hearing filed by Uloma Ibe ("Dr. Ibe"), Alexander Kaysin ("Dr. Kaysin"), Donna Prill ("Dr. Prill"), Nader Tavakoli ("Dr. Tavakoli"), University of Maryland Capital Regional Health Medical Center ("UMCRH"), (ECF No. 54); a motion for protective order and attorney's fees filed by Dr. Luo, (ECF No. 56); a motion for protective order and attorney's fees filed by Dr. McLeod, (ECF No. 57); and an amended motion for leave to conduct early discovery filed by Plaintiff, (ECF No. 58).  These motions will be resolved in a separate opinion.

residency program; (4) Dr. Ibe, a faculty member of UMCRH's family medicine residency program; (5) Dr. Tavakoli, the chairman and interim program director of UMCRH's family medicine residency program; (6) UMCRH (collectively, "Defendants"). (ECF No. 12-2).[3] Plaintiff contends that on July 24, 2023, he was wrongfully dismissed from his residency program at UMCRH. (*See id.* ¶ 28). In Count I, Plaintiff alleges breach of contract against all Defendants. (*Id.* ¶¶ 258-62).  In Count II, Plaintiff alleges intentional infliction of emotional distress against Dr. Ross. (*Id.* ¶¶ 263-71).  In Count III, Plaintiff alleges defamation against Dr. Ross, Dr. Ibe, Dr. Kaysin, and UMCRH. (*Id.* ¶¶ 272-98).  In Count IV, Plaintiff alleges breach of covenant of good faith and fair dealing against UMCRH. (*Id.* ¶¶ 299-305).  In Count V, Plaintiff alleges promissory estoppel against UMCRH in the alternative to Counts I through IV. (*Id.* ¶¶ 306-12).  In Count VI, Plaintiff alleges unlawful discrimination against UMCRH. (*Id.* ¶¶ 313-32).  In Count VII, Plaintiff alleges tortious interference with a prospective business relationship and destruction of a

---

[3] Both a deficient complaint, (ECF Nos. 2; 25-2), and an amended complaint (the "First Amended Complaint"), (ECF No. 12-2), were filed in the Circuit Court on December 14, 2023.

professional career against UMCRH. (*Id.* ¶¶ 333-41). Plaintiff requests injunctive relief and punitive damages. (*Id.* ¶¶ 342-59).

On February 8, 2024, five of the six Defendants, Dr. Prill, Dr. Kaysin, Dr. Ibe, Dr. Nader, and UMCRH (the "initially removing Defendants") removed the case to this court on the basis of federal question jurisdiction (the "First Removal"). (ECF No. 1). The Notice of Removal recited that Dr. Ross, the sixth Defendant, was not removing the case, but had been served, was represented by separate counsel, and consented through counsel to the removal. (*Id.* at 1 n.2). The initially removing Defendants assert that they were first appraised of the federal nature of Plaintiff's claims in Plaintiff's Motion for Leave to Conduct Early Discovery filed in the Circuit Court on February 6, 2024, where Plaintiff asserted claims for unlawful discrimination pursuant to 29 U.S.C. § 2615,[4] and possibly Title VII. (*Id.* at 2). The First Removal was more than thirty days after service of the First Amended Complaint, but claimed to be timely because of the later filed Motion for Leave to Conduct Early Discovery. (*Id.* at 3).

On February 12, 2024, Plaintiff moved to remand, asserting that the court lacks subject matter jurisdiction because his complaint is based on state law, and not federal law. (ECF No. 4-

---

[4] This statute is part of the Family and Medical Leave Act. Section 2615 makes it unlawful to discriminate against a person for opposing any practice made unlawful by this subchapter or for participating in a proceeding.

1, at 10).  In his motion to remand, Plaintiff did not contest the timeliness of removal.

Instead of responding-or opposing-Plaintiff's motion to remand, the initially removing Defendants filed, on February 16, 2024, a "Request to Withdraw Notice of Removal." (ECF No. 11). The initially removing Defendants acknowledged that Plaintiff's First Amended Complaint in state court, with which they had been served prior to removal, did contain a federal claim, making their later First Removal untimely. (*Id.* at 3).  The initially removing Defendants did not intend for the case to be remanded to state court.  Rather, they consented to a later notice of removal to be filed simultaneously by Dr. Ross, who had already consented to removal by the initially removing Defendants. (*Id.*).

Also on February 16, 2024, Dr. Ross filed timely her own "Notice of Removal" on the basis of federal question jurisdiction (the "Second Removal").  (ECF No. 12).  The Notice of Removal recited that Dr. Ross was served with the First Amended Complaint on January 31, 2024, and that was the first time she had been served with any version of the complaint. (*Id.* at 2 n.2).  Even though this was a purported new removal-and Dr. Ross paid another filing fee-Dr. Ross put this case number on the Notice of Removal. Thus, instead of opening a new case, the clerk merely filed the new Notice of Removal in the pre-existing case.

Plaintiff has continued to file "supplemental" supporting material for remand, (ECF Nos. 10; 15), as well as multiple papers urging the court to remand the case, (ECF Nos. 16; 38; 61; 63). Plaintiff acknowledges that the First Amended Complaint filed in state court may have "inadvertently suggested federal questions[,]" but maintains that the case should be remanded because it sets forth primarily state law claims. (ECF No. 15, at 7-8; *see also* ECF No. 10, at 2-3, 7). On March 4, 2024, Dr. Ross opposed Plaintiff's "Supplemental Report in Support of Urgent Motion for Remand to State Court," (ECF No. 15), which she construed as a motion to remand in response to her Notice of Removal. (ECF No. 29, at 1 n.1). Dr. Ross contends that the only complaint served on her was the First Amended Complaint, thus showing that a federal question was presented. (*Id.* at 2). On March 7, 2024, Plaintiff replied, reiterating that the claims advanced in the First Amended Complaint solely implicate state law. (ECF No. 31, at 1). On the same day, Plaintiff filed a second amended complaint (the "Second Amended Complaint") deleting his discrimination claim. (ECF No. 32). On March 21, 2024, Plaintiff filed a motion for leave to file a third amended complaint (the "Third Amended Complaint"). (ECF No. 47). The proposed Third Amended Complaint reflects Plaintiff's earlier deletion of his discrimination claim. (ECF No. 47-1).

On March 14, 2024, the initially removing Defendants opposed Plaintiff's motion to remand.  (ECF No. 35).  Although the initially removing Defendants contend that they are not required to respond to Plaintiff's motion to remand because they are not the removing Defendants in the Second Removal, in the alternative, they adopt and incorporate by reference Dr. Ross's opposition, (ECF No. 29).  (ECF No. 35, at 3).  On March 15, 2024, Plaintiff moved to strike the initially removing Defendants' opposition to Plaintiff's motion to remand.  (ECF No. 41).  On March 25, 2024, Plaintiff filed an "Emergency Motion for Immediate Ruling on Remand."  (ECF No. 53).

## II.  Motion to Remand

### A. Standard of Review

Title 28 U.S.C. § 1441(a) allows defendants to remove a civil action "brought in a State court of which the district courts of the United States have original jurisdiction."  Pursuant to 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Such jurisdiction arises from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *see*

*also In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006) ("[A]ctions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question").  Moreover, according to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

> As the [United States Court of Appeals for the] Fourth Circuit has explained, "The burden of establishing federal jurisdiction is placed upon the party seeking removal . . . Because removal jurisdiction raises significant federalism concerns, we must strictly construe removal jurisdiction . . . If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994) (citations omitted).  Nevertheless, because the decision to remand is largely unreviewable, district courts should be cautious about denying defendants access to a federal forum.  *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 988 F.Supp. 913, 914-15 (D.Md. 1997).

*Johnson v. Westlake Servs., LLC*, No. 23-cv-702-DKC, 2023 WL 2914760, at *2 (D.Md. Apr. 12, 2023) (quoting *Jarrett v. Home Depot U.S.A., Inc.*, No. 21-cv-01514-SAG, 2021 WL 3288361, at *2 (D.Md. Aug. 2, 2021), *reconsideration denied*, No. 21-cv-1514-SAG, 2021 WL 4264821 (D.Md. Sept. 20, 2021)).

**B. Analysis**

In his motion to remand, Plaintiff argues that the court lacks subject matter jurisdiction because there is no "significant federal question directly relevant to [his] claims," which "rel[y] on state law[.]" (ECF No. 4-1, at 12).  In the supplemental papers in support of his motion to remand, Plaintiff (1) clarifies that although the First Amended Complaint "may have inadvertently suggested federal questions and concerns, . . . the *revision[s]* [to the First Amended Complaint] . . . have definitively eliminated any implication of a federal question, thereby reinforcing the position that this case falls outside the domain of federal jurisdiction[,]" (ECF No. 15, at 7) (emphasis added);[5] and (2) challenges the First Removal for being untimely, (ECF No. 10, at 3-4).

First, Plaintiff cannot circumvent the fact that the First Amended Complaint implicated federal law at the time of removal via Second and Third Amended Complaints filed post-removal.  "The propriety of removal is determined as of the time of removal[.]" *In re Microsoft Corp. Antitrust Litig.*, 332 F.Supp.2d 890, 892 (D.Md. 2004) (citing *Nolan v. Boeing Co.*, 919 F.2d 1058, 1064 n.5 (5th Cir. 1990)).  A court evaluating whether it possesses subject

---

[5] Plaintiff also asserts, contradictorily and incorrectly, that there is a "conspicuous absence of any reference, allegation, or claim pertinent to federal law, statute, or regulation in the Amended Complaint."  (ECF No. 15, at 2).

matter jurisdiction over a removed case looks to the face of the operative complaint to determine whether a plaintiff asserts a claim directly created by federal law. *Old Dominion Elec. Coop. v. PJM Interconnection, LLC*, 24 F.4th 271, 279 (4th Cir. 2022). If a court has federal question jurisdiction at the time of removal, later events do not divest the court of jurisdiction. As explained in *Dotson v. Elite Oil Field Servs., Inc.,* 91 F.Supp.3d 865, 870 (N.D.W.Va. 2015),

> A plaintiff cannot "'re-plead the complaint [after removal] in an attempt to divest this court of jurisdiction by hindsight.'" *McCoy v. Norfolk Southern Ry. Co.,* 858 F.Supp.2d 639, 642 n.1 (S.D.W.Va. 2012) (quoting *Justice v. Branch Banking & Trust Co.,* 2009 WL 853093 at *7 (S.D.W.Va. Mar. 24, 2009)). The Court must determine removal jurisdiction "on the basis of the state court complaint at the time of removal, and . . . a plaintiff cannot defeat removal by amending it." *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 265 (5th Cir. 1995).

In other words, if a federal question was apparent on the face of the operative complaint at the time of removal, later amendment to delete that claim does not divest the court of jurisdiction. Rather, once all federal claims are dismissed, the court has discretion to remand the remaining state law claims rather than continue to apply supplemental jurisdiction. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 729 (1966).

Here, the First Amended Complaint-the operative complaint during both the First and Second Removals-asserts claims for

"unlawful discrimination pursuant to 29 U.S.C. § 2615, [and] unlawful employment practices in violation of title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq." (ECF No. 12-2, at 2). Count VI is entitled Unlawful Discriminatory Practices and alleges that "[UMCRH], by and through Dr. Ross, discriminated against [Plaintiff] with respect to his terms, conditions, or privileges of employment because of his beliefs, age, and national origin." (*Id.* ¶ 316). Plaintiff's post-removal attempts to delete these claims from the Second and Third Amended Complaints do not undermine the court's federal question jurisdiction arising from the First and Second Removals.

Second, while the First Removal was indeed untimely, Plaintiff may have waived the objection by neglecting to raise this issue in his motion to remand. "[T]he timeliness of the filing of a petition for removal is a procedural defect not affecting [a] [c]ourt's subject matter jurisdiction." *Sherman v. Sigma Alpha Mu Fraternity*, 128 F.Supp.2d 842, 846 (D.Md. 2001). Accordingly, a plaintiff "waive[s] the right to protest removal on the basis of an untimely petition by failing to raise the issue within thirty (30) days of removal." *Id.* (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998); *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 786 (5th Cir. 1996)); *see also* 14C Charles Alan Wright et al., *Federal Practice & Procedure* § 3731 (Rev. 4th ed. 2020) ("The . . . 30-day time limitation[] in Section 1446 [is]

mandatory, even though several courts have ruled that they are not jurisdictional limitations and may be waived."). Plaintiff's discussion of the First Removal's untimeliness in his *supplemental* papers may not cure the fact that Plaintiff moved to remand *solely* on the basis of a lack of subject matter jurisdiction.

Nor does the initially removing Defendants' withdrawal of the First Removal, (ECF No. 11), result in remand. The Supreme Court of the United States has held "that a district court may not remand a case to a state court on a ground not specified in the removal statute." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 355 (1988) (citing *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345 (1976)). The initially removing Defendants' "Request to Withdraw Notice of Removal" does not undermine this court's jurisdiction because it constitutes "a ground not specified in the removal statute." *See id.*; *see also Duranti v. Equitable Variable Life Ins. Co.*, No. 2:06-cv-00546-JRG, 2006 WL 8438951, at *1 (S.D.W.Va. Sept. 8, 2006) (holding that a letter voluntarily withdrawing an earlier removal "would not divest this court of its statutorily granted jurisdiction[]"); *Trivette v. Taylor-Todd*, No. 1:18-cv-00009-MOC, 2018 WL 1011048, at *2 (W.D.N.C. Feb. 22, 2018) ("[A] 'notice of withdrawal' of a notice of removal in this Court would be insufficient to restore jurisdiction to a state court once a matter has been removed.").

Regardless, the Second Removal was proper and timely, thus providing this court with jurisdiction.  Hence, Plaintiff's motion to remand will be denied and Plaintiff's "Emergency Motion for Immediate Ruling on Remand" will be denied as moot.

## III. Motion to Strike

Plaintiff moves to strike the initially removing Defendants' opposition to Plaintiff's motion to remand because it "contains redundant, immaterial, impertinent, or scandalous matters that do not contribute to the resolution of the case[.]"  (ECF No. 41, at 1).  "Rule 12(f) authorizes a court to strike statements 'from a *pleading*.'"  *Lewis v. United States*, No. 22-cv-2566-DKC, 2023 WL 3304890, at *7 (D.Md. May 8, 2023) (quoting Fed.R.Civ.P. 12(f)).  "Pleadings generally include complaints and answers[,]" *id.* (citing Fed.R.Civ.P. 7(a)), to the exclusion of oppositions, *see* Fed.R.Civ.P. 7(a) (listing types of pleadings).  Because the initially removing Defendants' opposition to Plaintiff's motion to remand is not a pleading, the court may not strike it.  *See Anusie-Howard v. Todd*, 920 F.Supp.2d 623, 627 (D.Md. 2013), *aff'd*, 615 F.App'x 119 (4th Cir. 2015) ("Although some cases have held that Rule 12(f) may be used to strike documents other than pleadings, the weight of recent authority is that such an action is not contemplated or permitted by the Rules.").  Therefore, Plaintiff's

motion to strike the initially removing Defendants' opposition to Plaintiff's motion to remand will be denied.[6]

## IV.   Conclusion

For the foregoing reasons, Plaintiff's motion to remand will be denied; Plaintiff's "Emergency Motion for Immediate Ruling on Remand" will be denied as moot; and Plaintiff's motion to strike the opposition to the motion to remand will be denied.  A separate order will follow.

                                  /s/
                        _____
                        DEBORAH K. CHASANOW
                        United States District Judge

---

[6] As a result, it is unnecessary to address Plaintiff's additional arguments in support of his motion to strike: (1) the initially removing Defendants "lodged their opposition to [Plaintiff's] motion for remand in contravention of [the] [Local] Rule 105.2 Filing Schedule[]" and without the court's leave, "resulting in an unnecessary drain on . . . judicial resources[;]" and (2) the initially removing Defendants "fail[ed] to offer any substantive Sur-Reply to elucidate on what grounds this . . . [c]ourt should retain the case in federal jurisdiction." (ECF No. 41, at 3).