```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                   :
OTABEK ELMURODOV
                                   :

   v.                              :   Civil Action No. DKC 24-392

                                   :
UNIVERSITY OF MARYLAND CAPITAL
REGION HEALTH FAMILY MEDICINE      :
RESIDENCY PROGRAM, et al.
                                   :
```

**MEMORANDUM OPINION**

This action for various claims arising from an allegedly wrongful dismissal from a medical residency program was removed from state court on the basis of federal question jurisdiction. The court recently denied Plaintiff's motion to remand. Now, the court must resolve whether to grant leave to amend, which will delete the federal claims, leaving only state law claims at issue. As will be discussed, leave to amend will be granted and the court will exercise its discretion to remand the case to the Circuit Court.

In its brief time in this court, this case has already generated 69 separate docket entries. Presently pending are a motion to dismiss filed by Defendant Stacy Ross ("Dr. Ross"), (ECF No. 14); a motion to enforce the state court's orders for attorneys' fees filed by non-parties Bai Lin Luo ("Dr. Luo") and Christopher McLeod ("Dr. McLeod"), (ECF No. 22); a joint request

to clarify deadlines filed by Defendants Dr. Ross, Uloma Ibe ("Dr. Ibe"), Alexander Kaysin ("Dr. Kaysin"), Donna Prill ("Dr. Prill"), Nader Tavakoli ("Dr. Tavakoli"), and the University of Maryland Capital Regional Health Medical Center ("UMCRH") (collectively, "Defendants"), (ECF No. 28); a motion to strike Dr. Luo and Dr. McLeod's motion to enforce the state court's orders for attorneys' fees filed by *pro se* Plaintiff Otabek Elmurodov ("Plaintiff"), (ECF No. 42); a motion to strike the opposition to Plaintiff's motion for leave to conduct early discovery filed by Plaintiff, (ECF No. 43); a motion to strike Plaintiff's surreply to Dr. Ross's motion to dismiss filed by Dr. Ross, (ECF No. 45); a motion for leave to file the second amended request for jury trial filed by Plaintiff, (ECF No. 47); a joint motion to strike Plaintiff's revised request for jury trial and second amended request for jury trial filed by all Defendants, (ECF No. 48); a joint motion for stay and status conference filed by all Defendants, (ECF No. 49); a motion to strike Dr. Ibe, Dr. Kaysin, Dr. Prill, Dr. Tavakoli, and UMCRH's reply in support of their motion to dismiss or for summary judgment filed by Plaintiff, (ECF No. 50); a motion to dismiss or for summary judgment and request for hearing filed by Dr. Ibe, Dr. Kaysin, Dr. Prill, Dr. Tavakoli, and UMCRH, (ECF No. 54); a motion for protective order and attorneys' fees filed by Dr. Luo, (ECF No. 56); a motion for protective order and attorneys' fees filed by Dr. McLeod, (ECF No. 57); an amended motion for leave

to conduct early discovery filed by Plaintiff, (ECF No. 58); and a motion for reconsideration of denial of remand filed by Plaintiff, (ECF No. 69).  Some of the issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion for leave to file the second amended request for jury trial will be granted and the joint motion to strike Plaintiff's revised request for jury trial and second amended request for jury trial will be denied.[1]  As noted above, the case will be remanded to the Circuit Court once the federal claims are deleted.  The motion to dismiss filed by Dr. Ross, (ECF No. 14); the motion to strike Plaintiff's surreply to Dr. Ross's motion to dismiss filed by Dr. Ross, (ECF No. 45); the motion to strike Dr. Ibe, Dr. Kaysin, Dr. Prill, Dr. Tavakoli, and UMCRH's reply in support of their motion to dismiss or for summary judgment filed by Plaintiff, (ECF No. 50); the motion to dismiss or for summary judgment and request for hearing in the Circuit Court filed by the initially removing Defendants, (ECF No. 54); and the motion for reconsideration of denial of remand filed by Plaintiff, (ECF No. 69), will be denied as moot.  All other motions will remain for resolution in state court.[2]  This

---

[1] Plaintiff's motion for leave to exceed page limits for the filing of the second amended request for jury trial is also pending.  (ECF No. 46).  That unopposed motion will be granted.

[2] The pending motions remaining for resolution in state court are: a motion to enforce the state court's orders for attorneys'

case, as well as the present state of the docket, can only be described as unnecessarily complicated as a result of Plaintiff's incessant filings.

## I. Background

The allegations in the complaint are set forth in a prior opinion. (*See* ECF No. 66). A brief overview of the thorny procedural history is as follows. On December 14, 2023, Plaintiff commenced this action in the Circuit Court for Prince George's County (the "Circuit Court") against Dr. Ross, Dr. Prill, Dr. Kaysin, Dr. Ibe, Dr. Tavakoli, and UMCRH. (*See* ECF No. 12-2).[3]

On February 8, 2024, five of the six Defendants, Dr. Prill, Dr. Kaysin, Dr. Ibe, Dr. Nader, and UMCRH (the "initially removing Defendants") removed the case to this court on the basis of federal question jurisdiction, citing Plaintiff's allegations of unlawful

---

fees filed by Dr. Luo and Dr. McLeod, (ECF No. 22); a joint request to clarify deadlines filed by all Defendants, (ECF No. 28); a motion to strike Dr. Luo and Dr. McLeod's motion to enforce the state court's orders for attorneys' fees filed by Plaintiff, (ECF No. 42); a motion to strike the opposition to Plaintiff's motion for leave to conduct early discovery filed by Plaintiff, (ECF No. 43); a joint motion for stay and status conference filed by all Defendants, (ECF No. 49); a motion for protective order and attorneys' fees filed by Dr. Luo, (ECF No. 56); a motion for protective order and attorneys' fees filed by Dr. McLeod, (ECF No. 57); and an amended motion for leave to conduct early discovery filed by Plaintiff, (ECF No. 58).

[3] Both a deficient complaint, (ECF Nos. 2; 25-2), and an amended complaint (the "First Amended Complaint"), (ECF No. 12-2), were filed in the Circuit Court on December 14, 2023.

discrimination in violation of 29 U.S.C. § 2615 and Title VII of the Civil Rights Act of 1964, 42 U.S.C.§ 2000e *et seq.* (ECF No. 1). On February 12, 2024, Plaintiff moved to remand. (ECF No. 4). On February 16, 2024, the initially removing Defendants filed a "Request to Withdraw Notice of Removal." (ECF No. 11). Also on February 16, 2024, Dr. Ross filed her own "Notice of Removal" on the same basis as the initially removing Defendants' earlier removal.[4] (ECF No. 12). On April 18, 2024, the court denied Plaintiff's motion to remand. (ECF Nos. 66; 67).

On January 22, 2024, the initially removing Defendants filed a motion to dismiss or for summary judgment and request for hearing in the Circuit Court. (ECF Nos. 25-24; 54). On January 24, 2024, Plaintiff opposed. (ECF Nos. 25-26; 55). Post-removal, on March 18, 2024, the initially removing Defendants filed their reply in this court and moved alternatively for summary judgment. (ECF No. 44). On March 22, 2024, Plaintiff moved to strike the initially removing Defendants' reply. (ECF No. 50).

On February 5, 2024, Plaintiff filed a motion for leave to conduct early discovery in the Circuit Court. (ECF No. 25-47). Post-removal, on February 9, 2024, Plaintiff filed an amended motion for leave to conduct early discovery in the Circuit Court.

---

[4] Even though this was a purported new removal-and Dr. Ross paid another filing fee-Dr. Ross put this case number on the Notice of Removal. Thus, instead of opening a new case, the clerk merely filed the new Notice of Removal in the pre-existing case.

(ECF Nos. 25-59; 58).  On March 15, 2024, the initially removing Defendants filed their opposition in this court.  (ECF No. 40).  On March 18, 2024, Plaintiff moved to strike the initially removing Defendants' opposition.  (ECF No. 43).

On February 20, 2024, Dr. Ross filed a motion to dismiss.  (ECF No. 14).  On February 21, 2024, Plaintiff opposed.  (ECF No. 23).  On March 6, 2024, Dr. Ross replied.  (ECF No. 30).  On March 12, 2024, Plaintiff filed a surreply.  (ECF No. 34).  On March 21, 2024, Dr. Ross moved to strike Plaintiff's surreply.  (ECF No. 45).  On March 23, 2024, Plaintiff opposed.  (ECF No. 51).

Also on February 20, 2024, Dr. Luo and Dr. McLeod moved to enforce the Circuit Court's orders for attorneys' fees.  (ECF No. 22).  On February 23, 2024, Plaintiff opposed.  (ECF No. 26).  On March 14, 2024, Plaintiff replied.  (ECF No. 37).  On March 16, 2024, Plaintiff moved to strike Dr. Luo and Dr. McLeod's motion to enforce the Circuit Court's orders for attorneys' fees.  (ECF No. 42).

On February 29, 2024, all Defendants filed a joint motion to clarify deadlines.  (ECF No. 28).  On March 9, 2024, Plaintiff opposed.  (ECF No. 33).

On March 7, 2024, Plaintiff filed a revised request for jury trial (the "Second Amended Complaint") deleting his discrimination

claim.[5]  (ECF No. 32).  On March 21, 2024, Plaintiff filed a motion for leave to file the second amended request for jury trial (the "Third Amended Complaint"), (ECF No. 47), and a motion for leave to exceed page limits for the filing of the second amended request for jury trial, (ECF No. 46).  The proposed Third Amended Complaint reflects Plaintiff's earlier deletion of his discrimination claim.[6] (ECF No. 47-1).  On March 22, 2024, all Defendants filed a joint motion to strike the Second and Third Amended Complaints.  (ECF No. 48).  On March 24, 2024, Plaintiff opposed.  (ECF No. 52).

On March 22, 2024, all Defendants filed a joint request for stay and status conference.  (ECF No. 49).  On March 25, 2024, Dr. Luo and Dr. McLeod each filed motions for protective order and attorneys' fees.  (ECF Nos. 56; 57).

## II. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave when justice so requires."  "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Johnson v. Oroweat Foods Co.*, 785

---

[5] The Second Amended Complaint also reflects alterations to Plaintiff's state-law claims.  (*Compare* ECF No. 32, *with* ECF No. 12-2).

[6] The Third Amended Complaint also reflects Plaintiff's new state-law claims.  (*Compare* ECF No. 47, *with* ECF No. 32).

F.2d 503, 509 (4th Cir. 1986); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

In their joint motion to strike Plaintiff's Second and Third Amended Complaints,[7] Defendants argue that (1) Plaintiff untimely filed the Second and Third Amended Complaints without requesting prior leave of court; (2) Plaintiff failed to comply with Local Rule 103.6;[8] and (3) the Second and Third Amended Complaints "are being offered [in bad faith] for the sole purpose of remanding this matter to State Court." (ECF No. 48, at 2, 6, 7).

First, Plaintiff timely amended as of right in filing the Second Amended Complaint, and properly requested leave to file the Third Amended Complaint. Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course within twenty-one days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after

---

[7] Rule 12(f) of the Federal Rules of Civil Procedure provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Here, Defendants seek to strike the entirety of the Second and Third Amended Complaints. Accordingly, the court construes Defendants' joint motion to strike Plaintiff's Second and Third Amended Complaints as an opposition. *See McCray v. Wells Fargo Bank, NA*, No. 13-cv-1518-GLR, 2017 WL 11849521, at *2 (D.Md. Nov. 13, 2017) (construing a motion to strike an entire amended complaint and corrected amended complaint as an opposition to the plaintiff's motion for leave to file an amended complaint); *Estrada v. Ecology Servs. Refuse & Recycling, LLC*, No. 17-cv-496-GLR, 2018 WL 9879863, at *3 (D.Md. Mar. 30, 2018) (similar).

[8] Defendants misrepresent Local Rule 103.6 as "Local Rule 6." (ECF No. 48, at 5-6).

8

service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). When the right to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Here, Dr. Ross filed a motion to dismiss on February 20, 2024, and Plaintiff filed the Second Amended Complaint on March 7, 2024-well before his right to amend as a matter of course expired. Hence, Plaintiff was not required to seek Defendants' consent or the court's leave to file the Second Amended Complaint. In addition, contrary to Defendants' contention, Plaintiff requested leave to file the Third Amended Complaint. In his motion for leave to file the Third Amended Complaint, Plaintiff plainly "petitions [the] Court for leave to file the [Third Amended Complaint]." (ECF No. 47, at 1).

Second, Defendants argue that Plaintiff has violated Local Rule 103.6 by (1) "fail[ing] to file a motion requesting leave to file an amended complaint[;]" (2) "re-attaching all the same exhibits that are already a part of the record[;]" (3) failing to obtain Defendants' consent to file the Second and Third Amended Complaints; and (4) failing to provide a redline copy of the Second and Third Amended Complaints. (ECF No. 48, at 6). Although Plaintiff has violated a small portion of Local Rule 103.6, Plaintiff's procedural shortcomings do not preclude amendment. A

9


*pro se* plaintiff is not required to provide a red-line copy of the proposed amended complaint. Under Rule 15's "forgiving standards[,]" a *pro se* plaintiff's failure to consult with opposing counsel prior to amending the complaint does not justify denying leave to amend. *See, e.g.*, *Williams v. Maryland*, No. 09-cv-0879-DKC, 2010 WL 3245393, at *2 (D.Md. Aug. 17, 2010). Although Defendants contend that the Second and Third Amended Complaints are deficient because Plaintiff did not obtain Defendants' consent, the Second and Third Amended Complaints are deficient because Plaintiff did not *attempt* to obtain Defendants' consent. As explained above, Plaintiff did request leave to file the Third Amended Complaint and filed the Second Amended Complaint as of right. The exhibits attached to the Second and Third Amended Complaints were not previously attached to any prior complaint. (*Compare* ECF No. 32-1, *and* ECF No. 32-2, *and* ECF No. 32-2, *and* ECF No. 47-2, *with* ECF No. 12-3, *and* ECF No. 12-4, *and* ECF No. 12-5, *and* ECF No. 12-6, *and* ECF No. 12-7, *and* ECF No. 12-8).

Third, Plaintiff has not filed the Second and Third Amended Complaints in bad faith, even if he was motivated by his desire to remand the case to the Circuit Court. Absent other evidence of ill motive-"such as a desire to force [the defendants] to incur expenses in the removal and remand process[]"-"it is not bad faith for a plaintiff to bring both [s]tate and federal claims in [s]tate court and then, upon removal, seek dismissal of the federal claims

and remand to [s]tate court." *Ramotnik v. Fisher*, 568 F.Supp.2d 598, 603 (D.Md. 2008) (quoting *Shilling v. Nw. Mut. Life Ins. Co.*, 423 F.Supp.2d 513, 519 (D.Md. 2006)); *see also Verbal v. Giant of Maryland, LLC*, 204 F.Supp.3d 837, 841 (D.Md. 2016) ("Defendant suggests that Plaintiff is dismissing this claim in an attempt to destroy federal subject matter jurisdiction so her case may be remanded, but even if Defendant is correct, such 'jurisdictional maneuvering' is not evidence of bad faith." (quoting *Shilling*, 423 F.Supp.2d at 518-19))).

The United States Court of Appeals for the Fourth Circuit's analysis in *Harless v. CSX Hotels, Inc.*, 389 F.3d 444 (4th Cir. 2004), is instructive. In *Harless*, the appellant challenged a district court's decision to grant successive motions to amend post-removal when the appellee's motive was to "defeat federal jurisdiction[.]" *Id.* at 448. The Fourth Circuit upheld the district court's ruling, declining to find bad faith when the appellee had other good-faith reasons to amend:

> While [the appellee] clearly wanted to avoid federal court, she also had substantive reasons for amending the pleadings. Her counsel candidly represented to the Court that in drafting the Complaint, he never intended to allege a federal claim. It was his intention to allege a claim based solely on state law. Counsel confirmed that position in his argument before this Court.

*Id.*

Like the *Harless* appellee, Plaintiff has mixed motives for amending his complaint. While Plaintiff has repeatedly expressed his preference to litigate in state court, (*see* ECF No. 48, at 8-10) (listing examples from the record), Plaintiff has made clear that he "inadvertently suggested federal questions and concerns," which "does not alter the fundamentally state-centric nature of the dispute[,]" (ECF No. 15, at 7-8). Accordingly, Plaintiff has presented a meritorious reason for amendment apart from "defeating" federal jurisdiction.[9]

Defendants maintain that Plaintiff is engaging in "bad faith motions practice" by "formatting and reformatting his complaint to remove his employment discrimination claim without making substantive factual changes so that this [c]ourt remands it to the [s]tate [c]ourt." (ECF No. 48, at 11). Defendants, however, have not asserted, much less shown, that Plaintiff has done so for the purpose of forcing Defendants to incur expenses in the removal and remand process. Without evidence of ill motive, Defendants have not demonstrated that Plaintiff filed the Second and Third Amended Complaints in bad faith. Given that Defendants also do not argue that amending the complaint will be futile or prejudicial, leave

---

[9] As noted in the court's prior opinion, post-removal dismissal of the federal claim does not "defeat" federal jurisdiction. (ECF No. 66, at 10). It does, however, permit discretionary consideration of remand. (*Id.*).

to file the Second and Third Amended Complaints will be granted. Dr. Ross's motion to strike the Second and Third Amended Complaints will be denied.[10]

**III. Remand**

Title 28 U.S.C. § 1367(c) allows a district court to "decline to exercise supplemental jurisdiction" over state-law claims if the court "has dismissed all claims over which it has original jurisdiction[.]" The Supreme Court of the United States has explained that

> a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice [or remanding the case].

---

[10] Because the Third Amended Complaint, (ECF No. 47-1), supersedes the First and Second Amended Complaints as the operative complaint, the motion to dismiss filed by Dr. Ross, (ECF No. 14); the motion to strike Plaintiff's surreply to Dr. Ross's motion to dismiss filed by Dr. Ross, (ECF No. 45); the motion to strike the initially removing Defendants' reply in support of their motion to dismiss or for summary judgment filed by Plaintiff, (ECF No. 50); and the motion to dismiss or for summary judgment and request for hearing in the Circuit Court filed by the initially removing Defendants, (ECF No. 54), will be denied as moot.

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 354-55 (1988) (footnote omitted) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27 (1966)).  Generally, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Id.* at 350 n.7; *see also Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 196 (4th Cir. 2002) ("[W]hen an action has been removed from state court and the district court subsequently loses its basis for original jurisdiction, in most instances the action must be remanded to the state court." (citing 28 U.S.C. § 1447(c); *Roach v. W. Va. Regional Jail and Corr. Facility Auth.*, 74 F.3d 46 (4th Cir. 1996))); *cf. Gibbs*, 383 U.S. at 726 (stating that if all federal claims are dismissed before trial, a federal court should hesitate to exercise jurisdiction over remaining state-law claims because "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law[]").  In deciding whether to remand a case, a district court should consider in the balancing of factors whether the plaintiff has engaged in manipulative tactics-for instance, seeking to "regain a state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case."  *Id.* at 357.

14

Nevertheless, even if a plaintiff engages in such manipulative tactics to avoid federal court, the Fourth Circuit has held that remand is appropriate as long as the plaintiff asserts other good-faith reasons for amending the complaint. *Harless*, 389 F.3d at 448.

Because the Third Amended Complaint-now the operative complaint-advances only state-law claims, the court will exercise its discretion to remand the case. The Circuit Court is more suited to adjudicate Plaintiff's state-law claims, and litigating in the Circuit Court will not inconvenience the parties. Furthermore, the court has not yet expended substantial federal resources on this case, which is still at an early stage and has not yet proceeded to discovery. Nor have defendants filed any responsive pleadings. While Plaintiff indeed purports to avoid federal jurisdiction by amending his complaint, as explained above, he has provided a substantive reason for amendment. Thus, the factors of judicial economy, convenience, fairness, and comity outweigh Plaintiff's forum manipulation and counsel in favor of remanding the case to state court.[11]

**IV. Conclusion**

For the foregoing reasons, the motion for leave to file the second amended request for jury trial will be granted and the joint

---

[11] Consequently, the motion for reconsideration of denial of remand filed by Plaintiff, (ECF No. 69), will be denied as moot.

15

motion to strike Plaintiff's revised request for jury trial and second amended request for jury trial will be denied.  Some other motions will be denied as moot and others remain for resolution in state court.  A separate order will follow.

                                      /s/
                        DEBORAH K. CHASANOW
                        United States District Judge